FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2011 APR 22 AM 10: 37
CLERK B. West
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIE L. NELOMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV410-223 |
| ) | |
| AL ST. LAWRENCE and CONNIE ) | |
| MILES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 3), to which objections have been filed (Doc. 6). After a careful de novo review of the record, the Court finds Plaintiff's objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Plaintiff contends that he is not subject to the three strike rule in 28 U.S.C. § 1915 because he has alleged imminent danger of serious physical injury. However, Plaintiff still fails to allege facts sufficient enough to allow this Court to conclude that, at the time he filed his complaint, Defendants' conduct placed him in imminent danger of serious physical injury. It is

not enough that Plaintiff simply claims a general fear that his life is in danger. See Skillern v. Paul, 202 F. App'x 343, 343 (11th Cir. 2006) (unpublished). Rather, Plaintiff should provide the Court with a "description of the condition giving rise to his need" for prescription medication, along with allegations concerning the specific harm faced by Plaintiff should he fail to receive the appropriate medicines. See id.; see also Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). Having failed to do that in this case, the Court concurs with the Magistrate Judge that Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 22ND day of April 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA